UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHIRLEY BOROSS, as Executrix of the Estate of Donald Boross,

Plaintiff,

v.   4:10-cv-144

LIBERTY LIFE INSURANCE COMPANY, GMAC MORTGAGE, LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff Shirely Boross ("Boross") sued Defendants Liberty Life Insurance Company ("Liberty") and GMAC Mortgage, LLC ("GMAC") in the Superior Court of Bryan County ("Superior Court"), Georgia on May 5, 2010. *See* Doc. 1-2 at 5. Boross alleged that Liberty breached a life insurance policy requiring it to pay benefits to GMAC upon the death of Boross's husband. *See id.* at 8-10. Boross alleged that GMAC breached its fiduciary duty in failing to pay her insurance premiums to Liberty. *See id.* at 10-12. Boross further sought an injunction against GMAC to prevent it from foreclosing on her home. *See id.* at 12-13.

GMAC sold its right to foreclose to the Federal National Mortgage Association ("Fannie Mae") (collectively with Liberty and GMAC "Defendants"). *See* Doc. 34-1 at 2. On June 1, 2010, Fannie Mae sold Boross's home at public auction. *See* Doc. 37 at 2. That same day, Fannie Mae filed a dispossessory action in the Magistrate Court of Bryan County ("Magistrate") to oust Boross from her home, but it did not serve her for another 307 days. *See id.*

Liberty and GMAC removed Boross's initial suit to this Court on June 14, 2010. *See* Doc. 1. On February 17, 2011, Boross amended her complaint to add Fannie Mae as a defendant. *See* Doc. 25.

Fannie Mae finally served Boross with its dispossessory complaint on April 4, 2011. *See* Doc. 37 at 2. Boross promptly answered and filed a motion to dismiss. *See id.* The Magistrate issued a Writ of Possession and Judgment to Fannie Mae on June 2, 2011. *See id.* Boross appealed to Superior Court the next day. *See id.* That appeal is now pending before the Superior Court.

Boross then moved this Court to enjoin "all Defendants from proceeding in further litigation on the same issues in the courts of the State of Georgia" on June 15, 2011. *See* Doc. 34-1 at 5.

GMAC and Fannie Mae respond that this Court cannot grant the requested relief for three reasons: (1) the Anti-Injunction Act, 28 U.S.C. § 2283, bars federal courts from enjoining State court proceedings; (2) the Rooker-Feldman doctrine deprives this Court of jurisdiction; and (3) Boross does not satisfy the requirements for an injunction. *See* Doc. 37.

### II. ANALYSIS

#### A. Rooker-Feldman Doctrine

The Court examines Defendants' second argument first because it addresses the

Court's jurisdiction over the entire case. Defendants contend that this Court lacks subject matter jurisdiction over claims that are "inextricably intertwined with a state court judgment." *See* Doc. 37 at 5.

The *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction. Previously, many circuits, including the Eleventh, took an expansive view of this doctrine and held that federal courts lacked jurisdiction in cases similar to this one. *See, e.g., Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001), *overruled by Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 1521-22 (2005). But in 2005, the Supreme Court clarified that the *Rooker-Feldman* doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 1521-22 (2005).

Here, this Court acquired jurisdiction long before the Magistrate rendered any judgment. This Court has jurisdiction.

### B. Anti-Injunction Act

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal courts to issue any injunction needed to enforce their jurisdiction. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (2006). But federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283 (the "Anti-Injunction Act"). "Because it is grounded in the constitutional guarantees of independence between the state and federal systems, the language of the Anti-Injunction Act—unlike that of the All Writs Act—is construed narrowly by the courts." *Burr & Forman*, 470 F.3d at 1028.

Both parties agree that the Anti-Injunction Act would ordinarily bar the injunction Boross requests. *See* Docs. 34-1 at 3-4, 37 at 4-5. But Boross argues that its requested injunction is necessary to protect or effectuate this Court's judgment. *See* Doc. 34-1 at 4.

This exception does not apply. It is commonly referred to as the "relitigation exception." *See Burr & Forman*, 470 F.3d at 1029. "An injunction under the relitigation exception is appropriate where the state law claims would be precluded by the doctrine of res judicata." *See id.* at 1029-30. Georgia law controls this question. *See id.* But this Court has yet to issue any judgment. Thus, res judicata would not bar the state action. *See* O.C.G.A. § 9-12-40.

A more germane exception might be that which allows a federal court to enjoin state proceedings "where necessary in aid of its jurisdiction." *See* 28 U.S.C. § 2283. This exception applies where the federal court has obtained jurisdiction over a disputed res in an *in rem* proceeding—or a proceeding closely resembling an *in rem* dispute—and the state court proceeding comes afterwards. *See Burr & Forman*, 470 F.3d at 1031.

In this Court, Boross alleges that Liberty breached a life insurance policy and GMAC

2

breached its fiduciary duty to pay her insurance premiums on that policy. *See* Doc. 1-2 at 8-12. While, Boross does seek an injunction against GMAC and Fannie Mae to prevent them from foreclosing on her home, she does not allege any substantive right to possession. *See id.* at 12-13. This case does not appear sufficiently analogous to an *in rem* proceeding to apply the "necessary in aid of its jurisdiction" exception.

The Court does not decide this issue, however, because Boross has not raised it. *See* Doc. 34-1.

The sole cited exception to the Anti-Injunction Act's bar on enjoining state proceedings is inapplicable. Boross's Motion for Injunctive Relief, *see* Doc. 34, is ***DENIED***.

### III. CONCLUSION

Boross's Motion for Injunctive Relief, *see* Doc. 34, is ***DENIED***.

This 21st day of July 2011.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA